UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERALD PORRICELLI,                    :
MARIANNE PORRICELLI, and       :
MELISSA PORRICELLI                    :
        PLAINTIFFS,                         :
                                                      :
v.                                                    :        CIVIL ACTION NO.
                                                      :        3:04-cv-1483 (JCH)
SHARON B. VECCHIOLLA,           :
VERONICA B. MUSCA,                  :
JOSEPH SICILIANO,                     :        JULY 14, 2005
        DEFENDANTS.                      :


**RULING ON DEFENDANT VECCHIOLLA AND MUSCA'S MOTION TO DISMISS
[DKT. NO. 18]**

Plaintiffs, Gerald Porricelli, Marianne Porricelli, and Melissa Porricelli, bring this

action pursuant to the Fourteenth Amendment of the Constitution of the United States,

42 U.S.C. § 1983, and Article 1, §§ 1 and 20, Article 4, § 1 of the Constitution of the

State of Connecticut.    Plaintiffs sue the defendants, Sharon B. Vecchiolla and

Veronica B. Musca, the Registrars of the Town of Greenwich, Connecticut, and

defendant Joseph Siciliano, the Director of Parks and Recreation of the Town of

Greenwich, Connecticut, in their individual and official capacities.[1]  Plaintiffs allege that

the defendants acted in concert and with malice to deprive plaintiffs of their right to vote

as guaranteed to them by the United States and Connecticut constitutions.  Defendants

Vecchiolla and Musca move pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure to dismiss the Porricellis' Complaint, arguing, in part, that the Complaint is

barred by the applicable statute of limitations.  For the reasons that follow, the

---

[1]Plaintiffs have voluntarily dismissed the Complaint against Siciliano. Consent
Voluntary Dismissal Stipulation [Dkt. No. 11].

defendants' motion is granted.

## I.    BACKGROUND[2]

The Porricellis are long time residents of Greenwich, Connecticut.  Gerald and

Marianne Porricelli have voted in Greenwich for over 25 years, and have been active in

Greenwich's political community; Gerald Porricelli has served, at different times, as an

elected member of the Representative Town Meeting of Greenwich. See Compl. at ¶¶

4, 7, 8.

In the summer of 2000, the Porricellis decided to move to 9 Hillcrest Park Road

in Old Greenwich, Connecticut.  Id. at ¶ 9.  To ensure that the family could continue its

involvement in Greenwich's political community, the Porricellis asked the Greenwich

Registrar of Voters's office to confirm that 9 Hillcrest Park Road was a residental

address within Greenwich. Id. at ¶¶ 10, 12.  The Porricellis received such confirmation

orally and in writing, and, relying on this information, went forward with their move. Id. at

¶¶ 12-14.   They voted in the November 2000 elections in Greenwich. Id. at ¶ 14.

In the spring of 2001, the Porricellis were denied a beach pass from the Town of

Greenwich and were informed by Siciliano, the Director of Parks and Recreation of the

Town of Greenwich, that the denial was premised on the fact that the Porricellis'

property straddled the border of Greenwich and Stamford, and was thus "red-lined." Id.

at ¶¶ 15-16.

On May 25, 2001, the Porricellis received letters from the Greenwich Registrars

---

[2]The court takes the facts alleged in plaintiffs' Complaint as true, as it must, and draws all inferences in plaintiffs' favor.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

of Voters informing them that their voter registrations were to be cancelled because the

Registrars had been informed by the Greenwich Tax Department that 9 Hillcrest Park

Road is a bona fide residential address of Stamford and not Greenwich. Id. at ¶ 18.

Plaintiffs allege that no such communication between the Registrar and the Tax

Department took place and that the letter was sent at the request of Siciliano. Id. at ¶¶

18-19.   The cancellation resulted in the Porricellis being unable to vote in the 2001

election. Id. at ¶ 22.

The Porricellis contested their removal from the registry of electors and were

advised in October of 2002 by the town attorney of Greenwich that re-enrollment forms

would be mailed to them.  Id. at ¶ 23.  The Porricellis never received such forms. Id. at

¶ 24.  Around October 31, 2002, Gerald Porricelli went to the Registrar's office in

person to request voter registration forms; while there, Vecchiolla "falsely denied"

knowledge of the issues concerning his residency and voting status. Id. at ¶ 25. On or

about November 4, 2002, a day before election day, the Porricellis submitted sworn

registration forms to the defendant Registars; however, the Porricellis were not restored

to the registry and were unable to vote in 2002.  Id. at ¶ 26.

The Porricellis appealed their removal from the voting registry to the Board of

Admission of Electors and received a favorable decision in May 2003 finding that the

Registrar had not complied with the procedural requirements of Conn. Gen. Stat. § 9-

35(e) et. seq. in removing the Porricellis from the list of electors.  Id. at ¶¶ 27-28.  The

Board ordered the Registrars to restore the Porricellis to the registry of active electors

and found that the question of whether the Porricellis satisfied the bona fide residency

requirements of Greenwich could not be considered until the Registrars complied with

the procedure set out in Conn. Gen. Stat. 9-35(e) for initiating the removal of voters

from the registry of electors. Id. at ¶¶ 28, Ex. E.  The Porricellis were restored to the

registry, and, in November 2003, the Porricellis voted in Greenwich and Gerald

Porricelli was again elected to the Representative Town Meeting of Greenwich. Id. at ¶

30.

In January 2004, the Porricellis signed and returned to the Registrar "canvas

cards," confirming that they lived at 9 Hillcrest Park Road and that they were bona fide

residents of Greenwich.   Id. at ¶ 31. In August 2004, the Registrars filed a complaint

against the Porricellis with the State Election Enforcement Commission (SEEC)

claiming that the Porricellis, in attesting to be bona fide residents of Greenwich,

knowingly signed false statements in violation of Conn. Gen. Stat. §§ 9-12 and 9-186.

Id. at ¶ 33; Ex. F.  The Porricellis allege that this complaint was filed "without probable

cause" and that Siciliano, together with the Registrars, caused it to be filed.  Id. at ¶ 35.

Since the decision of Board of Admission of Electors in May 2003, the Porricellis

have been on the active registry of electors in Greenwich, and the Registrars have

never undertaken the procedural steps required by Conn. Gen. Stat. § 9-35, and noted

by the Board, to challenge the bona fide residency of the Porricellis and remove them

from the registry of electors. See id. at ¶ 28, 30, 32.

The Porricellis filed their Complaint on September 8, 2004, arguing that

defendants Siciliano, Vecchiolla, and Musca acted unlawfully, individually and in

concert, as well as with malice and specific intent, to "deprive plaintiffs of their right to

vote, which right is secured to them by the Fourteenth Amendment to the Constitution

of the United States, and by 42 U.S.C. § 1983." Id. at ¶ 37. The Porricellis also state

claims under the Connecticut constitution.  The Porricellis have voluntarily dismissed

the Complaint against Siciliano.  Consent Voluntary Dismissal Stipulation [Dkt. No. 11].

The remaining defendants, Vecchiolla and Musca, in support of their Motion to Dismiss,

argue that the Porricellis' claim is barred in its entirety by the applicable statute of

limitations, that the Porricellis have failed to demonstrate a violation of their constitution

rights as required to state a claim under 42 U.S.C. § 1983, and that the defendants are

entitled to immunity under § 1983.

## II.    STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) can be granted only if "it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  See

also Reed v. Town of Branford, 949 F. Supp. 87, 89 (D. Conn. 1996).  In considering

such a motion, the court accepts the factual allegations alleged in the complaint as true

and draws all inferences in the plaintiff's favor.  Scheuer v. Rhodes, 416 U.S. 232, 236

(1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984).

"In considering a motion to dismiss . . . a district court must limit itself to facts

stated in the complaint or in documents attached to the complaint as exhibits or

incorporated in the complaint by reference . . . [and review all allegations] in the light

most favorable to the non-moving party."  Newman & Schwartz v. Asplundh Tree Expert

Co., Inc., 102 F.3d 660, 662 (2d Cir. 1996).  "While the pleading standard is a liberal

one, bald assertions and conclusions of law will not suffice."  Leeds v. Meltz, 85 F.3d

51, 53 (2d Cir. 1996).  Rule 8 of the Federal Rules of Civil Procedure provides that a

complaint "shall contain . . . a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema

N.A., 534 U.S. 506, 512 (2002).

## III.    DISCUSSION

Defendants Vecchiolla and Musca argue that the Porricellis' complaint is barred

by the applicable statute of limitations, that it fails to assert a violation of the Porricellis'

constitutional rights, and that they are protected by absolute or qualified immunity from

suit.  Because this court agrees with the defendants that this action is barred by the

statute of limitations, it does not consider the other two arguments.

The Porricellis' suit is brought in this federal forum pursuant to 42 U.S.C. § 1983.

 In Connecticut, § 1983 actions are subject to a  three-year statute of limitations.

Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994); Knight v. Hartford Police

Department, 2004 WL 2750316, at *2, No. Civ. 3:04-cv-00969 (D. Conn. Nov. 1, 2004).

While the applicable period of limitations is deemed to be governed by state law,

federal law determines when an action accrues for time-bar purposes.  "Federal law . . .

establishes as the time of accrual that point in time when the plaintiff knows or has

reason to know of the injury which is the basis of his action." Singleton v. City of New

York, 632 F.2d 185, 191 (2d Cir. 1980), cert. denied, 450 U.S. 920 (1981) (internal

quotation and citations omitted); Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997).

Here, where the Porricellis allege that their constitutional voting rights have been

unlawfully interfered with by Defendants, the May 25, 2001 letter informing the

Porricellis that their voter registrations have been cancelled clearly establishes the date

of the accrual of their claim.  The events that occurred prior to that date either did not

give notice to the Porricellis that their voter registrations were subject to cancellation

without proper notice or, in the case of the beach pass, do not concern voting. Furthermore, the letter itself constitutes sufficient notice of the alleged injury (i.e., deprivation of the "right to vote in Greenwich"), and thus it could not be argued that the action did not accrue until Election Day 2001 when the Porricellis were actually unable to vote. See Pauk v. Bd. of Trustees of City Univ. Of New York, 654 F.2d 856, 861 (2d Cir. 1981) (finding that claim accrued in § 1983 employment discrimination case on date that employee received final notice of discharge and not on day of actual discharge).  The Porricellis filed their lawsuit on September 8, 2004.  Thus any § 1983 action that is premised on the deprivation of voting righted effectuated on May 25, 2001 is time-barred.

Moreover, the events that occurred after September 8, 2001 (i.e., looking backward from the filing of the Complaint) cannot by themselves support the Porricellis' claim that their constitutional rights were violated.  See Pinaud v. County of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995)(demonstrating backward-looking statute of limitations analysis).  The failure of the Registrars' office to mail forms that the Porricellis had requested, and their alleged false denial of knowledge of the issues concerning the Porricellis' residency and voter registration, did not serve to deprive Porricellis of any constitutional right to vote and do not constitute any possible abrogations of a constitutional duty that the defendants owed to the plaintiffs.

More significantly, the Porricellis allege that they submitted valid voter registration forms to the defendant Registrars on or about November 4, 2002, but, due to the defendants' intentional inaction, were still unable to vote on November 5, 2002. However, under Connecticut law, residents, except in some instances, must submit

-7-

their voter registration information at least two weeks prior to Election Day to be eligible

to vote in that election. Conn.Gen.Stat. § 9-17("(a)The session of the registrars of

voters on the fourteenth day before election day shall be the last regular session for the

admission of electors prior to an election . . . (b) . . . the registrar of voters shall hold a

limited session on the last week day before each regular election . . . for the purpose of

admitting only those persons whose qualifications as to age, citizenship, or residence in

the municipality were attained after the last session for the admission of electors prior to

an election.").   The inability of the Porricellis to vote in November 2002 was not due to

unlawful behavior on the part of the Registrars in November 2002.  Thus the

defendants' conduct cannot be the basis for a suit alleging the unlawful deprivation of a

constitutional right to vote.

Similarly, the complaint that the defendants filed against the Porricellis with the

State Election Enforcement Commission (SEEC) in August 2004 cannot support the

Porricellis' claim that the defendants acted unlawfully to deprive the plaintiffs of their

constitutional right to vote.  The plaintiffs allege that the defendants acted in concert

and without probable cause in filing their complaint.  However, under the SEEC's

governing statute, there is no probable cause requirement for the filing of a complaint

with the SEEC, and anyone can file a complaint. See Conn. Gen. Stat. § 9-7(b). After a

complaint is filed, the SEEC is responsible for investigating the complaint independently

to determine whether any election laws have been  violated. See id.  Moreover, since

May 2003, when the Porricellis received their favorable decision from the Board of

Admission of Electors, and throughout the period in which the SEEC complaint was

filed, the Porricellis have been included in the active registry of electors in Greenwich

and have been able to vote in its elections.  Thus, the filing of the SEEC complaint by

defendants was not unlawful and did not serve to deprive the Porricellis of any

constitutional right to vote.[3]

The Porricellis allege the defendants acted "in concert" to deprive them of their

constitutional right to vote.  While not specifically argued as such, this claim could be

construed as an argument that the defendants were engaged in a conspiracy and,

therefore, their cause of action did not accrue while the conspiracy was (and is) in

existence.  This argument, however, would be unavailing. For § 1983 claims, "the

existence of a conspiracy does not postpone the accrual of causes of action arising out

of the conspirators' separate wrongs.  It is the wrongful act, not the conspiracy, which is

actionable." Singleton, 632 F.2d at 192; Pinaud, 52 F.3d at 1156 (quoting Singleton).

Therefore, here, where the only allegation that could possible give rise to a claim under

§ 1983 is time-barred (i.e., the May 2001 cancellation of voter registration), and the

non-time-barred allegations do not sufficiently allege a deprivation of the Porricellis'

voting rights, the allegation that a conspiracy against the Porricellis existed does not

_____

[3]In response to the defendants' Motion to Dismiss, the Porricellis argue that the filing of the SEEC complaint was improper, malicious, and unlawful, and thus supportive of their claim, because it was lodged, among other reasons, "in direct contradiction" of the "instructions" of the Board for Admissions of Electors and the advice of the Greenwich town attorney.  Mem. of Pls. [sic] in Opp'n to Defs. Mot. to Dismiss at p. 3.  However, this court does not read the Board decision to have ordered the Registrars to commence removal proceedings against the Porricellis pursuant to Conn. Gen. Stat. § 9-35(e), but only that the Porricellis could not be removed from the registry of electors, and the question of the residency status of the Porricellis could not be considered by the Board, until such procedural requirements were properly met. The Board's decision did not preclude the Registrars from attempting to challenge the Porricellis' residency, or their averments as to their residency, in a different forum, and thus the Registrars' actions were not unlawful, nor did they result in a deprivation of the Porricellis' constitutional rights.

prevent the dismissal of their claim for untimeliness.

The Porricellis argue that their claim is not time-barred because it is not premised on any particular action of the defendants alone, but rather the <u>pattern</u> of their actions, taken as a whole, demonstrate the defendants' intentions to unlawfully deny to the Porricellis their constitutional rights.  Thus, they argue, their claim is not time-barred because the defendants' actions established a continuing violation of the Porricellis' constitutional rights and, therefore, precluded the accrual of their claim.  However, this argument is unavailing as well.  It is true that, "[t]he continuing-violation exception extends the limitations period for all claims of [unlawful acts] . . . even if those acts, standing alone, would have been barred by the statute of limitations." <u>Annis v. County of Westchester</u>, 136 F.3d 239, 246 (2d Cir. 1998)(internal quotation marks and citation omitted).  However, "a continuing violation is occasioned by continuing unlawful acts, not by continued ill effects from the original violation." <u>Chambers v. Waterbury Police Department</u>, 2003 WL 1986932, at *2, 3:02-cv-02050(AWT) (D.Conn. April 17, 2003) (quoting <u>Doe v. Blake</u>, 809 F.Supp. 1020, 1025 (D.Conn. 1992)).  As discussed above, the actions of Siciliano, Vecchiolla, and Musca that occurred within the three years preceding the Porricellis' suit were not unlawful deprivations of the Porricellis' right to vote, and thus cannot establish a continuing violation of their constitutional rights.  <u>See Annis</u>, 136 F.3d at 246 (finding § 1983 gender discrimination claim did not fall into continuing-violation exception where alleged actions were not themselves instances of gender-based discrimination).  In other words, the Porricellis have not alleged a pattern of actions on the defendants' part that could be construed as a continuous violation of their constitutional rights such that their claim did not accrue and expire before their suit

was filed.  Consequently, the Porricellis' § 1983 claim alleging that the defendants acted to deprive them of their constitutional right to vote is barred by the applicable statute of limitations as the only deprivation of their ability to vote occurred in May 2001.

Finally, the complaint asserts claims under the Connecticut constitution.  Under 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  While dismissal of the state claims is not absolutely mandatory, Rosado v. Wyman, 397 U.S. 397, 403-05 (1970); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), the basis for retaining jurisdiction is weak when the federal claims are dismissed before trial.  United Mine Workers v. Gibbs, 38 U.S. 715, 726 (1966).  Accordingly, the court declines to exercise jurisdiction over the state law claims, and those claims are dismissed.

## IV. Conclusion

For the foregoing reasons, defendants Vecchiolla and Musca's Motion to Dismiss [DKT. NO. 18] is hereby GRANTED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 14th day of July, 2005.


                                    /s/Janet C. Hall
                                    Janet C. Hall
                                    United States District Judge